**FILED**
**Mar 05, 2024**
**01:26 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Tanya Dunbar | ) Docket No. 2022-08-1209 |
| | ) |
| v. | ) State File No. 71388-2022 |
| | ) |
| Kelly Services, Inc., et al., and | ) |
| Troy Haley, as Administrator of the Bureau | ) |
| of Workers' Compensation, Subsequent | ) |
| Injury and Vocational Recovery Fund | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

---

### Affirmed in Part, Reversed in Part, and Remanded

---

In this interlocutory appeal, the employee alleged she sustained right leg, right foot, and bilateral hip injuries when a large trash container fell on her at work. Although the employer asserted the employee had failed to give proper notice of her alleged work injury, it provided a panel of physicians upon receiving notice of the incident, and the employee selected a provider. Thereafter, the employee filed a hearing request asking the trial court to enter an order compelling the employer to pay temporary disability and additional medical benefits, including surgery. Following an expedited hearing, which included consideration of medical records and expert medical testimony from the authorized treating physician, the trial court denied the employee's request for benefits. The employee has appealed, alleging in part that the trial court failed to consider pertinent medical records and other documents. After a careful review of the record, we affirm in part and reverse in part the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Tanya Dunbar, Memphis, Tennessee, employee-appellant, pro se

Robert D. Meyers, Memphis, Tennessee, for the employer-appellee, Kelly Services, Inc.

Timothy Kellum, Memphis Tennessee, for the appellee, Tennessee Subsequent Injury and Vocational Recovery Fund

1

**Factual and Procedural Background**

Tanya Dunbar ("Employee") worked at a FedEx location to which she had been assigned by her employer, Kelly Services, Inc. ("Employer"), a temporary staffing agency. On July 28, 2022, Employee had been assigned to clean an area of the facility, and she reported that a large trash container fell on her right leg and caused her right foot to become wedged under a trash compactor. In her petition for benefits, Employee alleged injuries to her right foot, right leg, and both hips. She also asserted in her petition that she reported the incident immediately to a FedEx manager and an onsite representative of Employer named "Jonathan." However, Employer denied that it received timely notice of the incident, and the trial court determined that Employee "did not contact [Employer] in the days that followed [the incident]."

On August 18, 2022, Employee reported to Methodist Hospital – South, where she complained of pain in her right lower leg.[1] Specifically, the record reflects that Employee reported to a triage nurse that she had "pain in her right lower leg for the past three days and noticed a knot on top of her foot tonight." She was diagnosed with a ganglion cyst on her right ankle and foot. The treating physician, Dr. Clyde M. Brown, noted no "injury" related to these symptoms. He considered the possibility of a deep vein thrombosis, but the diagnostic testing was negative for that condition. He concluded that the proper diagnosis was a ganglion cyst and recommended she follow up with Dr. Apurva Dalal.

Employer maintained that it did not learn of the alleged accident until approximately two months after the occurrence. Nevertheless, upon becoming aware of the incident, Employer provided a panel of specialists, from which Employee selected Dr. Cedric Cooper, a podiatrist. Employee first saw Dr. Cooper on October 17, 2022. Following his examination, Dr. Cooper indicated Employee suffered from posterior right tibial tendonitis and possible tarsal tunnel syndrome. He ordered an x-ray and CT scan. Employee underwent the CT scan but not the x-ray, and Dr. Cooper noted that the CT results revealed no abnormalities. On January 8, 2023, Dr. Cooper completed a Form C30A ("Final Medical Report") on which he responded "yes" to the question, "Did the injury result in permanent impairment?" He assigned an impairment rating of 5%. In an accompanying report, Dr. Cooper related the history Employee had provided of a July 28, 2022 work accident in which "a trash compactor fell on her right foot." He recommended a tarsal tunnel release and indicated that such a surgery could increase her permanent impairment.

In a subsequent report dated January 9, 2023, Dr. Cooper noted that the inflammation in Employee's right foot was "a result of the injury suffered on the job at

---

[1] On a Methodist Le Bonheur Healthcare form titled "Patient Request for Restriction of Uses and Disclosures of Protected Health Information," signed on January 24, 2013, Employee wrote, "I do not authorize the use of the past medical record history to be used as a method of defense toward my worker's comp related injury[.] [P]lease keep these records sealed." However, Employee's objections to the admissibility of these and other signed medical records at the expedited hearing were overruled.

FedEx." He also stated that the need for tarsal tunnel release surgery "is a direct result of the same injury . . . that caused Posterior Tibial Tendonitis." On May 20, 2023, Dr. Cooper responded to a written questionnaire from Employee. Dr. Cooper indicated, in part, that the work accident Employee had reported was more than fifty percent (50%) of the cause of a "new injury." He confirmed that the treatment he had provided to date was medically reasonable and necessary as a result of the work accident. He recommended that Employee undergo a tarsal tunnel surgical release and agreed that such treatment was "primarily related" to Employee's "work injury." He also noted that he had taken Employee completely off work beginning October 17, 2022.[2]

On August 16, 2023, Employer deposed Dr. Cooper. During his direct testimony, Dr. Cooper agreed that the August 18, 2022 report from Methodist Hospital – South indicated no report of an injury. Employee, who is self-represented, interposed an objection to Employer's question, asserting that the notation regarding the lack of a reported injury on the August 18 report was not relevant to her work-related accident. Dr. Cooper then testified that he saw no evidence of a ganglion cyst during his examination, and he further indicated that, in light of the medical records he had reviewed, he was uncertain how the alleged work-related injury occurred. He was then asked whether his review of the medical records changed his opinion about whether Employee hurt herself at work, and Dr. Cooper responded that it did change his opinion "because that means that the mechanism of injury could be different." Employee did not ask Dr. Cooper any questions on cross-examination but made a statement on the record. Employer's counsel objected to her statement, then stated, "I think we're done, Doctor." The deposition was then concluded.

On November 7, 2023, the trial court conducted an expedited hearing to address Employee's request for temporary disability and medical benefits. During the hearing, Employee attempted to introduce what she described as a "corrected" itemized medical bill from Methodist Le Bonheur, which she asserted supported her claim that she had reported a work-related injury when she was first treated at that facility. Opposing counsel objected to the itemized bill on hearsay grounds, and the trial court sustained the objection.[3]

---

[2] Two different versions of this written questionnaire are contained in the record. In the first, which appears to bear Dr. Cooper's signature and was signed May 20, 2023, Dr. Cooper indicated he had restricted Employee from working between October 17, 2022 and January 2, 2023. He also noted that he had recommended Employee wear a "cast boot" beginning on January 2, 2023. This version of the questionnaire is included in the record as Exhibit 2 to Dr. Cooper's deposition. However, a duplicate of this questionnaire was introduced separately during the expedited hearing as Exhibit 9, but Dr. Cooper's handwritten responses were altered to suggest Dr. Cooper had, at the time he signed the document in May 2023, restricted Employee from working until January 2, *2024*, and recommended she wear a cast boot beginning January 2, *2024*. The record is silent as to why, how, and by whom those dates were altered.

[3] The trial court allowed Employee to make an offer of proof, and the document in question was marked for identification purposes only. The document, which purports to be an "Itemized Bill" from Methodist Le Bonheur Healthcare, was unsigned, unauthenticated, and unaccompanied by any affidavit. It listed the

Employee also argued during the hearing that a March 14, 2023 statement from Dr. Apurva Dalal supported her claim. The statement, which bears Dr. Dalal's signature and was introduced into evidence as Exhibit 8, was a "To Whom It May Concern" letter and included the following language: "The patient has never been treated for the following diagnosis before her injury: Tarsal Tunnel Syndrome of the rt foot or tendinitis of the rt foot." Employee took the position that this statement was, in essence, a causation opinion supporting her claim that a work-related injury had occurred.

Following the hearing, the trial court issued an order denying Employee's request for temporary disability and additional medical benefits, including her request for authorization of the recommended surgery. The trial court determined that "[w]ithout expert medical proof stating that her current condition and need for treatment primarily arose out of her alleged work injury, the Court cannot find that Ms. Dunbar is likely to prevail at trial in her request for medical benefits." Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

Before addressing the merits of this appeal, we note that Employee has not filed a formal brief in support of her appeal. Instead, after filing her notice of appeal, Employee submitted numerous emails to the clerks of the Court of Workers' Compensation Claims and/or the Appeals Board, some of which included attachments. In some of her emails, she suggested or implied that she had submitted admissible documents to the trial court

---

date of service as "8/18/2022" and shows an itemized deduction dated 10/13/2022 described as "Medicare Payment Tape" in the amount of $343.43. However, several lines below that entry, in the summary section of the bill, it described the deduction of $343.43 as "Wc Work Comp Ins. Generic Payments." Employee took the position during the expedited hearing that this document supported her contention that she had reported a work-related injury when she was seen at the facility on August 18, 2022.

4

that were not properly included in the record and/or were not considered by the court in making its decision.[4]

As we have noted in past cases, courts must hold self-represented litigants to the same procedural and evidentiary standards as represented litigants. *See, e.g.*, *Burnette v. K-Mart Corp.*, No. 2014-02-0020, 2015 TN Wrk. Comp. App. Bd. LEXIS 2 (Tenn. Workers' Comp. App. Bd. Jan. 20, 2015). However, the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel has also counseled that courts "should be understanding of the difficulties encountered by a litigant with no experience or formal training," and can "provide self-represented parties some latitude to ensure the trial continues on a level playing field." *Douglas v. Ledic Realty Serv.*, No. W2012-00345-SC-WCM-WC, 2012 Tenn. LEXIS 964, at *10 (Tenn. Workers' Comp. Panel Feb. 13, 2013).

In the present case, we have elected to treat certain emails Employee submitted after the filing of her notice of appeal as her brief on appeal. However, we have not considered as evidence any attachments submitted by Employee that were not properly admitted into evidence at the hearing or included in an offer of proof. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal . . . materials that were not properly admitted into evidence at the hearing before the trial judge.").

Based on our review of Employee's emails and other post-hearing filings, we have gleaned the following statements of alleged error and legal arguments: (1) Employee asserted the trial court erred because it "left out all of the pertinent medical records and documents that would have assisted in proving [her] workers' compensation on the job injury case"; (2) Employee asserted that the trial court "failed to consider all of Ms. Dunbar['s] pertinent medical evaluation[s]"; (3) Employee asserted the trial court erred in overruling her hearsay objection and admitting into evidence the August 18, 2022 medical record from Methodist Hospital – South; (4) Employee alleged the trial court erred in sustaining opposing counsel's objection to the admissibility of an unsigned medical note from Dr. Dalal; and (5) Employee argued that "Dr. Cedric Cooper never changed his causation opinions of whether or not Ms. Dunbar['s] injuries were in fact work related."[5]

---

[4] On December 27, 2023, Employer filed a "Motion to Fix the Record on Appeal." We held this motion in abeyance because the record on appeal had not yet been transmitted to the Clerk of the Appeals Board. On February 2, 2024, after having received the record on appeal, we remanded the case and asked the trial court to resolve any disputes regarding the contents of the record in accordance with Tenn. Comp. R. and Regs. 0800-02-22-.02(3). The trial court issued an order on February 8, 2024, in which it "confirm[ed] the accuracy of the nine items properly admitted as exhibits at the hearing." The court also reviewed attachments Employee had submitted with various emails and confirmed that such documents were either presented and excluded at the hearing based on a proper objection, or they were never submitted at the expedited hearing.

[5] This is not an exhaustive list of every statement Employee submitted after the filing of her notice of appeal but is intended to summarize her statements regarding alleged errors of the trial court and her legal

*Evidentiary Objections*

We first address Employee's various allegations that the trial court erred in admitting or excluding certain documents during the expedited hearing. We review a trial court's decisions regarding the admission or exclusion of evidence under an abuse-of-discretion standard. *See, e.g.*, *Smith v. Galloway Constr., LLC*, No. 2019-03-0016, 2019 TN Wrk. Comp. App. Bd. LEXIS 70, at *11 (Tenn. Workers' Comp. App. Bd. Oct. 28, 2019). Here, we find no such abuse of discretion. The trial court noted the rules and regulations applicable to the admissibility of medical records and expert reports at an expedited hearing, and it applied those rules fairly and impartially. The records forming the basis of Employee's claim, such as the records and questionnaire responses of Dr. Cooper, were admitted into evidence because they met admissibility requirements, and those records that did not meet the standards for admissibility set out in applicable rules, such as the medical billing statement from Methodist Le Bonheur, were properly excluded. Thus, we conclude Employee's arguments regarding the admissibility or exclusion of medical records are without merit, and we affirm the trial court's order as to those issues.

*Standard of Proof at an Expedited Hearing*

At an expedited hearing, an employee can prevail on her claim for temporary disability and/or medical benefits by coming forward with sufficient evidence to convince the court that she "would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1). In reviewing a trial court's decision addressing whether an employee has met this burden, we are to presume the findings and conclusions of the trial court are correct "unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7). We conclude the crux of this appeal hinges on a comparison between the opinions expressed by Dr. Cooper in the May 2023 medical questionnaire and his August 2023 deposition testimony.

Dr. Cooper was asked in the May 2023 medical questionnaire to identify the "diagnosis of [Employee's] work injury." Dr. Cooper responded that Employee suffered from pain in her right foot, tendinitis in the right posterior tibial tendon, and right tarsal tunnel syndrome. Dr. Cooper then responded that, within a reasonable degree of medical certainty, "the work incident described above contributed more than fifty percent (50%)" in causing "a new injury." He confirmed that the medical treatment he had provided to date was reasonable and necessary "and primarily related to [the] work injury." He responded "yes" when asked whether the work injury required continued medical treatment, and he agreed that the need for tarsal tunnel surgery was "primarily related to [the] work injury."

arguments on appeal. We reiterate, however, that it is not an appellate court's role to search the record for possible errors or construct an appellant's argument for her, and we cannot act as Employee's counsel. *See Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Instead, we will evaluate only the alleged errors and legal arguments expressed by Employee.

In contrast, during his deposition, Dr. Cooper was first asked to review the August 18, 2022 medical report from Methodist Hospital – South, which was created as the result of a visit approximately three weeks after the alleged work accident, and confirm that the "History of Present Illness" section stated "type of injury: none."  Dr. Cooper agreed that the record contained that statement.  Then, beginning on page 16, line 1 of Dr. Cooper's deposition, the following exchange occurred:

> Q. Your original opinion was – is that [Employee] hurt herself at work because of the history that she gave you?
>
> A. Correct.
>
> Q. This is a different history.  It would appear that she didn't hurt herself at work based on this history, if it's correct.  Does that in any way change your mind about whether or not the history that she gave you was correct or was . . . Let me just strike that question . . . . Does . . . this record change your opinion about whether [Employee] may have hurt herself at work.
>
> . . . .
>
> A. Yes it does.
>
> . . . .
>
> Q. And – and it changes it how?
>
> A. It changes it, because that means that the mechanism of injury could be different.

Significantly, Dr. Cooper was not asked during his deposition to address his responses to the medical questionnaire and was not asked whether any of his responses would change based on additional information he had reviewed.  Moreover, no additional questions were asked of Dr. Cooper regarding *how* his opinions had changed in light of his review of the August 18, 2022 medical report.  For example, Dr. Cooper was not asked during his deposition whether the work incident Employee had reported as occurring on July 28, 2022 was more or less than fifty percent the cause of her foot pain, her posterior tibial tendinitis, her tarsal tunnel syndrome, or the need for tarsal tunnel surgery.  He was not asked whether his review of the August 18, 2022 medical report resulted in an opinion that either the July 28, 2022 work incident did not occur as alleged or that the July 28, 2022 incident, if it occurred as alleged, was not the primary cause of her diagnosed medical conditions.  In short, although Dr. Cooper testified that his opinion *as to the mechanism of*

7

*injury* had changed, he was not asked to elaborate on *how* his *causation* opinions as expressed in the questionnaire had changed.

Further, we note that, during the expedited hearing, Employee testified as to how the work accident occurred. She described in detail how her right foot became wedged under a trash compactor. She identified by name witnesses to the accident and testified she reported the accident immediately to managers, including an on-site representative of Employer named "Jonathan." Neither Employer's counsel nor counsel for the Subsequent Injury Fund chose to cross examine Employee at the hearing. They did not challenge or refute Employee's testimony as to how the work accident occurred, nor did they offer any lay testimony from any FedEx employee suggesting that the July 28 incident did not occur as alleged or that Employee's description of the event was inaccurate or incomplete. Finally, Employer offered no evidence as to any other event that could have caused her medical conditions. Instead, Employer focused its defense on a single statement in Dr. Cooper's deposition indicating that his opinion as to the mechanism of injury had changed but did not offer any evidence to suggest the work accident described by Employee did not occur as she described.

Accordingly, we conclude the preponderance of the evidence submitted during the expedited hearing supports a finding that Employee met her burden of showing she is likely to prevail at trial in proving the occurrence of a compensable work accident. Moreover, the opinions expressed by Dr. Cooper in the May 2023 medical questionnaire were sufficient to support a finding that Employee is likely to prevail at trial in proving a causal connection between the work accident, the medical conditions diagnosed by Dr. Cooper, and the need for surgery as recommended by Dr. Cooper. We find that Dr. Cooper's deposition testimony did not sufficiently refute any of the opinions he expressed in that questionnaire other than the precise mechanism of injury. Thus, we conclude the evidence presented to date preponderates against the trial court's determination that Employee failed to offer sufficient evidence to indicate a likelihood of prevailing at trial on these issues.[6]

*Notice Defense*

Because the trial court concluded that Employee had not come forward with sufficient evidence of medical causation at the expedited hearing, it noted there was no need to address Employer's assertion that Employee had failed to give proper notice of the alleged work accident. Thus, on remand, before the court can issue another order addressing the employee's claim for additional benefits, it must address whether Employee is likely to prevail at trial in proving she gave Employer timely notice of the work accident.

---

[6] A trial court's order addressing an employee's entitlement to benefits at an interlocutory stage of the case is subject to revision at any time prior to the issuance of the compensation order, and parties are entitled to offer additional evidence for the court's consideration if such evidence meets the standards of admissibility set out in applicable statutes and rules. *See, e.g., Green v. Rogers Grp.*, No. 2016-04-0085, 2017 TN Wrk. Comp. App. Bd. LEXIS 34, at *4 (Tenn. Workers' Comp. App. Bd. May 22, 2017).

*Temporary Disability Benefits*

Finally, we note that the trial court did not address the merits of Employee's request for temporary disability benefits but denied those benefits based on its determination that Employee is not likely to prevail at trial as to the issue of medical causation. As noted above in footnote 2, there are discrepancies between the two versions of Dr. Cooper's medical questionnaire contained in the record as it relates to the dates Dr. Cooper restricted Employee from working. Thus, before addressing Employee's claim for temporary disability benefits, the trial court must resolve the issues implicated by these discrepancies, which may necessitate, at the trial court's discretion, another evidentiary hearing on remand.

## Conclusion

For the foregoing reasons, we affirm in part and reverse in part the trial court's order and remand the case for additional findings as noted above. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tanya Dunbar | ) | Docket No. 2022-08-1209 |
| | ) | |
| v. | ) | State File No. 71388-2022 |
| | ) | |
| Kelly Services, Inc., et al., and | ) | |
| Troy Haley, as Administrator of the Bureau | ) | |
| of Workers' Compensation, Subsequent | ) | |
| Injury and Vocational Recovery Fund | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of March, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Tanya Dunbar | | | | X | tanyazdunbar@yahoo.com |
| Robert Meyers | | | | X | rmeyers@glankler.com |
| Timothy Kellum | | | | X | timothy.kellum@tn.gov |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov